# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS CRAIG LEVERING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-431-M |
| ) | |
| JANET DOWLING, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Thomas Craig Levering, appearing pro se, petitions this Court for a writ of habeas corpus, challenging through 28 U.S.C. § 2254 the constitutionality of his criminal convictions by the State of Oklahoma. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Respondent has filed a Motion to Dismiss the petition as untimely filed (Doc. No. 14) and a Brief in support (Doc. No. 15). Petitioner has submitted a Response (Doc. No. 17), and this matter is now at issue.

**I.    Relevant Case History and Petitioner's Claims**

On March 21, 2012, following a jury trial in the District Court of Oklahoma County, Oklahoma, Petitioner was convicted of six criminal counts and sentenced to six consecutive life sentences. Pet. (Doc. No. 1) at 1-2;[1] *see State v. Levering*, No. CF-2011-729 (Okla.

---

[1] References to documents filed in this Court use the CM/ECF pagination.

Cty. Dist. Ct.).[2]  Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA").  Pet. at 2; *see Levering v. State*, No. F-2012-302 (Okla. Crim. App.).  The OCCA affirmed Petitioner's conviction but remanded the matter to the district court for resentencing.  Pet. at 2; *see Levering v. State*, 315 P.3d 392, 398 (Okla. Crim. App. 2013).

On October 27, 2014, Petitioner was resentenced and received life imprisonment on all counts.  *See State v. Levering*, No. CF-2011-729 (docket entries for Oct. 27, 2014).  Although Petitioner sent a notice to the OCCA that day, he did not file a notice of intent to appeal with the trial court within ten days of his resentencing, as required to initiate a direct appeal under OCCA Rules.  *See Levering v. State*, No. F-2012-302 (docket entry for Oct. 29, 2014); Pet'r's Resp. at 1-2; Okla. Stat. tit. 18, ch. 22 app., R. 2.1(B), 2.5(A).

On October 7, 2015, Petitioner filed an application for postconviction relief in the trial court.  *See State v. Levering*, No. CF-2011-729 (docket entries for Oct. 7, 2015).  On October 21, 2015, Petitioner's application was stricken for failure to comply with the court's rule regarding page limits.  *See* Okla. Cty. Dist. Ct. Order (Doc. No. 15-2) at 1.

On November 19, 2015, Petitioner filed a second application for postconviction relief in the trial court.  *See State v. Levering*, No. CF-2011-729 (docket entries for Nov. 19, 2015).  The trial court denied relief on this application on January 5, 2016.  *See id.* (docket entry for Jan. 5, 2016).  Petitioner then sought to appeal this ruling to the OCCA.  *See id.* (docket entry for Jan. 15, 2016).  On February 24, 2016, the OCCA declined

---

[2] The dockets and some filings for Petitioner's state-court proceedings are publicly available through http://www.oscn.net.

2

jurisdiction and dismissed the appeal. *See* OCCA Order Declining Jurisdiction (Doc. No. 15-3, at 3); *Levering v. State*, No. PC-2016-69 (Okla. Crim. App.).

Petitioner filed this federal habeas action on April 20, 2016. *See* Pet. at 25; *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). In his Petition, Petitioner raises four Grounds for relief: (1) the trial court erred in admitting evidence of a prior criminal conviction of Petitioner; (2) the trial court erred in failing to allow Petitioner access to the alleged victim's mental-health records; (3) the trial court erred in refusing to allow Petitioner to introduce evidence of the victim's prior false accusations; and (4) cumulative error based upon Grounds 1, 2, and 3. *See* Pet. at 5-23.

## II. Respondent's Motion to Dismiss

Respondent seeks dismissal of the Petition based upon its purported untimeliness. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for state habeas petitioners:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Respondent contends that § 2244(d)(1)(A) applies to the Petition. *See* Resp't's Br. at 1. Petitioner does not dispute the applicability of this subsection and does not present any allegation or argument indicating that the limitations period should be otherwise calculated. Accordingly, the undersigned considers the timeliness of the Petition under § 2244(d)(1)(A).

### III. Section 2244(d)(1)(A)

As detailed above, Petitioner was initially convicted on March 21, 2012, and then—following his first appeal and the OCCA's affirmance as to the convictions but not the sentences—resentenced on October 27, 2014. The undersigned assumes that the latter date is the date of the judgment under attack. Because Petitioner failed to timely initiate an appeal following his October 27, 2014 resentencing, the judgment became final ten days later, on November 6, 2014. *See* Okla. Stat. tit. 18, ch. 22 app., R. 2.1(B), 2.5(A); *Brown v. McCollum*, 515 F. App'x 759, 759 (10th Cir. 2013).

The AEDPA one-year limitations period began to run the next day and ended on November 9, 2015. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a)(1)(C); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256,

1261 (10th Cir. 2003). The instant Petition was not filed until April 20, 2016. *See* Pet. at 25; *Fleming*, 481 F.3d at 1255 n.2. There, absent tolling or an applicable exception to the statute of limitations, Petitioner's habeas action is untimely under § 2244(d)(1)(A).

### A. Statutory Tolling

For petitions brought under 28 U.S.C. § 2254, the § 2244(d)(1) one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Petitioner filed his first application for postconviction relief on October 7, 2015. *See State v. Levering*, No. CF-2011-729 (docket entries for Oct. 7, 2015). On October 21, 2015, that application was stricken for failure to comply with a trial-court procedural rule regarding page limits. *See* Okla. Cty. Dist. Ct. Order at 1 (citing Seventh & Twenty-Sixth Judicial Dists. R. 37). According to Respondent, this course of events renders the postconviction application not "properly filed" for purposes of statutory tolling. *See* Resp't's Br. at 5. Having reviewed both Respondent's cited authority and other Tenth Circuit decisions addressing § 2244(d)(2)'s "properly filed" requirement, the undersigned agrees. *See Gibson v. Klinger*, 232 F.3d 799, 805 (10th Cir. 2000) (noting that the Tenth Circuit "look[s] only at state procedural filing requirements" in determining whether a collateral attack is "properly filed"); *Fitzpatrick v. Monday*, 549 F. App'x 734, 737, 738 (10th Cir. 2013) (denying certificate of appealability where district court had denied statutory tolling based upon the filing of a postconviction application that was stricken by Oklahoma trial court for failure to comply with page-limit rule). Petitioner is not entitled

to statutory tolling for the period during which his first postconviction application was pending before the trial court.

Nor is Petitioner entitled to statutory tolling with respect to his second application for postconviction relief. This application was not filed until November 19, 2015—ten days after Petitioner's one-year limitations period had expired. "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark*, 468 F.3d at 714.

Petitioner argues that the limitations period should be tolled "indefinitely" because on May 29, 2015, Petitioner filed a motion with the trial court requesting trial transcripts and exhibits and this still-pending motion "is material and relevant to Petitioner's case." Pet'r's Reply (Doc. No. 13) at 3; *see also* Pet'r's Resp. at 2-3. The trial-court docket reflects that this motion has not yet been ruled upon. The pendency of this motion nevertheless does not support statutory tolling because a request for transcripts and exhibits cannot reasonably constitute "collateral review" of Petitioner's conviction or sentence for purposes of § 2244(d)(2). *See Wall v. Kholi*, 562 U.S. 545, 553 (2011) ("'Collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."). Petitioner cites no authority for the proposition that submission of a request for papers and exhibits amounts to "judicial review" or "judicial reexamination" of his judgment or claims. *Id.* at 547, 553.

Petitioner's posttrial filings therefore did not statutorily toll his AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2); *Fitzpatrick*, 549 F. App'x at 737, 738; *Clark*, 468 F.3d at 714.

### B. Equitable Tolling

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark*, 468 F.3d at 714 (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing." *Gibson*, 232 F.3d at 808.

Petitioner sets forth several reasons why he believes he is entitled to equitable tolling. First, Petitioner points to several filings and items of correspondence he submitted in connection with his criminal case from March 2015 to May 2015—primarily, letters to administrative personnel seeking documents and exhibits. *See* Pet'r's Reply at 2-5; Pet'r's Resp. at 2-3, 4. Making these requests, without more, does not reflect the level of diligence required to invoke equitable tolling, especially given the nearly five-month delay between the latest of these submissions in May 2015 and Petitioner's first attempt at postconviction relief in October 2015. *See Boyd v. Simmons*, 165 F. App'x 580, 583 (10th Cir. 2006) ("Although Mr. Boyd's attempts during the limitations period to pursue his legal claims, either through the request for legal advice or relevant legal materials, could be deemed to represent some form of diligence on his part, we are not convinced these actions rise to the level required for the extraordinary relief of equitable tolling.").

Next, Petitioner points out that although he failed to file a notice of intent to appeal with the trial court, as required to initiate a direct appeal after his resentencing, he did submit a notice to the OCCA. *See* Pet'r's Reply at 2; Pet'r's Resp. at 2 (citing *Gibson*, 232 F.3d at 808). While *Gibson* does note that equitable tolling may be appropriate where a prisoner "files a defective pleading during the statutory period," the Tenth Circuit also noted that the prisoner must "actively pursue[] judicial remedies" during that period. *Gibson*, 232 F.3d at 808. Petitioner has not shown that he actively pursued his judicial remedies prior to expiration of his one-year deadline, as he concedes that after his direct-appeal deadline expired, he failed to seek leave to appeal out of time. *See* Pet'r's Reply at 3; Okla. Stat. tit. 22, ch. 18 app., R. 2.1(E). And as noted above, Petitioner did not seek postconviction relief at all until one month before his AEDPA deadline expired. Petitioner's single misdirected filing therefore does not entitle him to equitable tolling.

Relatedly, Petitioner emphasizes his lack of legal training and lack of access to legal resources or assistance, noting that "it was his understanding that time tolled automatically at all times he had anything filed in the court pertaining to his case." Pet'r's Reply at 3; *see also id.* at 5-6; Pet'r's Resp. at 2-3, 5. But a petitioner's lack of knowledge of the law, incarcerated status, or a lack of transcripts and legal resources generally does not constitute extraordinary circumstances that warrant equitable tolling. *See Marsh*, 223 F.3d at 1220; *Porter v. Allbaugh*, 672 F. App'x 851, 856-57 (10th Cir. 2016); *Johnson v. Jones*, 502 F. App'x 807, 810 (10th Cir. 2012); *cf. Gibson*, 232 F.3d at 808 ("Mr. Gibson's alleged ignorance of AEDPA's one-year limitations period does not support the application of equitable tolling principles."). Other than the pending request for transcripts and exhibits,

Petitioner has offered "no explanation" "for the lengthy time period that elapsed between the date his state conviction became final" (November 6, 2014) "and the date he attempted to pursue any type of post-conviction relief" (October 7, 2015). *Brown v. Poppel*, 98 F. App'x 785, 788 (10th Cir. 2004).

The lack of "extraordinary circumstances preventing timeliness" and lack of "diligent pursuit" of Petitioner's federal claims are clear from the record before the Court. *Clark*, 468 F.3d at 714. Petitioner has not shown that he is entitled to equitable tolling. *See id.*; *Boyd*, 165 F. App'x at 583; *Brown*, 98 F. App'x at 788.

### C. Actual-Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). Successful actual-innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 133 S. Ct. at 1935 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under §

2244(d)(1)).  Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Liberally construed, Petitioner attempts to invoke the actual-innocence exception on two grounds. In his Motion to Stay these proceedings (discussed further below), Petitioner references an actual-innocence claim alleging that the victim's testimony at his trial was unreliable because she had previously falsely accused another individual of raping her. *See* Pet'r's Mot. Stay (Doc. No. 9) at 1. Petitioner also alleges that the fact that a sexual-assault nursing examination was not performed on the victim resulted in exculpatory evidence being "lost forever" and proves his actual innocence "by the bad faith of the Oklahoma City Police Department[']s failure" to have the examination performed. Pet'r's Resp. at 5-8.

Neither of these grounds supports application of the actual-innocence exception. Petitioner's claim regarding the victim's prior false accusations was raised at trial and also on direct appeal; Petitioner fails to identify any "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—on this claim that could prove his factual innocence. *Schlup*, 513 U.S. at 324 (emphasis added); *see Levering*, 315 P.3d at 394, 398.

Likewise, Petitioner has not shown that an exception to the AEDPA deadline is justified in his case simply because a certain medical examination was not performed on the victim. As an initial matter, any proof of Petitioner's innocence under this theory would be based upon the supposed exculpatory evidence that would have come to light *if* the nursing examination had been performed. Petitioner's concession that no such physical

10

evidence exists prevents him from establishing that in light of that evidence no reasonable juror would have voted to convict him. *See* Pet'r's Reply at 2; Pet'r's Resp. at 5; *McQuiggin*, 133 S. Ct. at 1928. Moreover, the fact that no such examination was performed is not "new" to Petitioner, as the victim testified at trial that there was no rape kit or examination performed when she was treated at the hospital. *See* Resp't's Br. Ex. 4 (Doc. No. 15-4) at 8.

Petitioner's claims do not justify application of the actual-innocence equitable exception and do not permit continued consideration of his untimely Petition by this Court. *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623.

### IV. Petitioner's Motion for Stay

A few months after filing his Petition, Petitioner requested that this Court enter a stay and abeyance of these federal habeas proceedings to allow Petitioner to return to state court with his "actual innocence" claim regarding the victim's prior false accusations. Pet'r's Mot. Stay at 1 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). Respondent has objected to a stay. *See* Resp't's Obj. (Doc. No. 11).

Before a federal court may grant habeas relief to a state petitioner, the petitioner must either exhaust his or her remedies in state court or demonstrate the (1) absence of available state corrective process, or (2) the existence of circumstances rendering the state process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th

Cir. 1999) (internal quotation marks omitted). To properly exhaust, a petitioner "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim" and "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

In the *Rhines* decision cited by Petitioner, the Supreme Court recognized that the interplay between the exhaustion requirement and AEDPA's one-year statute of limitations could result in difficulty for habeas petitioners who bring petitions that are "mixed," i.e., containing both exhausted and unexhausted claims. *Rhines*, 544 U.S. at 275; *see Lundy*, 455 U.S. at 521-22; 28 U.S.C. § 2244(d)(1). To address this potential limitations problem, the Supreme Court concluded that in certain circumstances, a federal district court may grant a stay and hold the federal habeas case in abeyance while the petitioner exhausts state-court remedies. *See Rhines*, 544 U.S. at 277-78.

Each of the Petition's four grounds for relief was raised on direct appeal to the OCCA and thus is exhausted for habeas purposes. *See* Pet'r's Appellate Br. (Doc. No. 11-1) at 2-3, 17-19, 21-23, 26-28. Petitioner readily concedes that his is not a "mixed" petition of the sort contemplated by *Rhines*. *See* Pet'r's Reply at 1; *see also Cross v. Franklin*, No. CIV-12-39-D, 2012 WL 5266169, at *2 (W.D. Okla. Oct. 24, 2012) (denying petitioner's request for stay where there was no indication that the petitioner had not fully exhausted his claims), *certificate of appealability denied*, 520 F. App'x 671 (10th Cir. 2013). And even assuming a stay could be appropriate for an entirely exhausted petition, Petitioner has

12

not met his burden to show that a stay is appropriate here: despite the lack of any stay being entered by this Court, the state-court dockets reflect Petitioner has pursued a new request for state postconviction relief all the way to the OCCA (the highest state court) while this habeas proceeding has been pending.[3]

To the extent Petitioner is attempting to seek leave to amend his Petition with the prior-false-accusations and failure-to-conduct-a-nursing-examination claims discussed above, *see* Pet'r's Reply at 1, that request also should be denied. First, the claim regarding the victim's prior false accusations already appears as Ground 3 of the Petition. *See* Pet. at 18-22. Second, such claims are "presumptively time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations" for the reasons outlined above. *Slinkard v. McCollum*, 675 F. App'x 851, 854 (10th Cir. 2017) (denying a certificate of appealability where the district court's denied petitioner's motion to add a habeas claim based upon newly discovered evidence because the claim was time barred).

Petitioner's Motion for Stay therefore should be denied. *See Cross*, 2012 WL 5266169, at *2; *Slinkard*, 675 F. App'x at 854; *Wolfe v. Bryant*, 678 F. App'x 631, 633-34, 636-37 (10th Cir. 2017), *pet. for cert. filed*, No. 16-9139 (U.S. May 1, 2017); *Stelly v. Allbaugh*, No. CIV-15-1215-W, 2016 WL 6962551, at *1 (W.D. Okla. Nov. 28, 2016);

---

[3] On October 27, 2016, Petitioner filed a third application for postconviction relief in the trial court. *See State v. Levering*, No. CF-2011-729 (docket entries for Oct. 27, 2016). The trial court denied postconviction relief on November 3, 2016. *See id.* (docket entry for Nov. 3, 2016). On February 17, 2017, the OCCA affirmed the trial court's denial of postconviction relief. *See Levering v. State*, No. PC-2016-1080 (Okla. Crim. App.) (docket entries for Feb. 17, 2017).

13

*Nichols v. Province*, No. 10-CV-504-TCK-PJC, 2011 WL 2604787, at *4 (N.D. Okla. June 30, 2011).

## V. Petitioner's "Amended Petition"

On May 17, 2017—after Respondent already had moved to dismiss the Petition and Petitioner had responded—Petitioner submitted a pleading titled "AMENDED HABEAS" to the Court for filing. *See* Second Pet. (Doc. No. 20); Doc. No. 21. Accompanied by several exhibits, this new proposed pleading attempts to raise five new habeas claims and also duplicates several claims from the Petition. *See* Second Pet. at 6-24; Doc. Nos. 20-1 to 20-7. Respondent has filed an Objection, arguing that the new pleading should be stricken or dismissed as unauthorized and as raising claims that would be barred as untimely. *See* Resp't's Obj. to Second Pet. (Doc. No. 22) at 1-4.

In a habeas proceeding such as this one, "once a responsive pleading has been filed, a prisoner may amend the petition 'only by leave by of court or by written consent of the adverse party.'" *Mayle v. Felix*, 545 U.S. 644, 663 (2005) (quoting prior version of Fed. R. Civ. P. 15(a)(2)); *accord* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."); 28 U.S.C. § 2242 (prescribing that a habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions"). Petitioner did not ask for leave and did not obtain written consent. Rather than striking the Second Petition, however, the undersigned recommends that the filing be construed as a motion to amend the Petition and be denied.

Rule 15(a)(2) prescribes that the Court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the interests of justice

14

would not be served by allowing amendment. As an initial matter, the Second Petition fails to "substantially follow" the format of a standard habeas form (e.g., there is no allegation as to the timeliness of the pleading under AEDPA) as required by the Rules Governing Section 2254 Cases in the United States District Courts. *See* R. 2(d), R. Governing § 2254 Cases in U.S. Dist. Cts.; LCvR 9.2(a). Further, the proposed amendment would not cure the untimeliness of Petitioner's claims. In the Second Petition, Petitioner provides no new allegations relevant to tolling or an exception to AEDPA's one-year limitations period. And each of the five new claims asserted in the Second Petition challenges Petitioner's underlying criminal conviction and is based upon information known to Petitioner at the time that he was convicted. *See* Second Pet. at 6-24. As there is no indication that Petitioner is entitled to tolling or an exception, these claims were required to have been brought prior to November 9, 2015. Thus, all old and new claims in the Second Petition would be subject to dismissal as untimely filed. *See* discussion *supra* Part III.A-.C; 28 U.S.C. § 2244(d)(1)(A); *Slinkard*, 2017 WL 104453, at *2; *Parker v. Dowling*, 625 F. App'x 343, 346 (10th Cir. 2015) ("[A district court] is under no obligation to permit a petitioner to amend his petition where amendment would be futile. 'A proposed amendment is futile if the petition, as amended, would be subject to dismissal.'" (alteration omitted) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007))).

Further, Petitioner may not rely upon "relation back" to his initial Petition to establish the timeliness of the proposed claims, as (i) his new claims are largely "supported by facts that differ in both time and type from those" of the Petition; and (ii) the claims in the Petition are themselves untimely and subject to dismissal on that basis. *Felix*, 545 U.S.

15

at 650 ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."); *see* discussion *supra* Part III.A-.C; Fed. R. Civ. P. 15(c)(1); *cf. Mosley v. Dinwiddie*, No. CIV-06-72-R, 2007 WL 2815349, at *1, *5-6 (W.D. Okla. Sept. 25, 2007) (holding that petitioner's amended petition filed after the one-year deadline could not "relate back" to a prior petition regarding the same conviction that had been dismissed by the district court).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's Motion for Stay (Doc. No. 9) be DENIED, Petitioner's Second Petition (Doc. No. 20) be construed as a motion to amend and DENIED, and Respondent's Motion to Dismiss (Doc. No. 14) be GRANTED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by September 19, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 29th day of August, 2017.

                                                  CHARLES B. GOODWIN
                                                  UNITED STATES MAGISTRATE JUDGE